IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
        v.                          )     No.   05 CR 8
                                    )
JAMAR BAILEY and ANTHONY GILMER     )
a/k/a "Marco" and "T," et al.,      )
                                    )
                Defendants.         )

## MEMORANDUM OPINION

This Court has just dealt with one of the motions in limine
in this drug conspiracy case, which is set for trial beginning
November 28 or 29.  This opinion addresses the questions posed by
the government's Santiago proffer and the responses to
that proffer by codefendants Jamar Bailey ("Bailey") and Anthony
Gilmer ("Gilmer").

Before this Court turns to the specific problems posed by
this case, it is worth spending a few moments on the standard
opening in the government's Santiago submission, which (as
always) presents a boilerplate discussion of the general
principles governing the admissibility of co-conspirator
statements under Fed. R. Evid. ("Rule") 801(d)(2)(E).  Even
leaving aside the often no better than marginal usefulness of a
generalized discussion of such well-known principles, it would
seem appropriate for the government to assign one or more
Assistant United States Attorneys to a review and updating of
that standardized opening drawn from its archives:  For any such

memorandum to be dominated, as it is, by citations to caselaw a decade or more old (and often much older than that) does not instill much confidence in the presentation.[1] In that respect it is particularly astonishing to receive a six-page discussion of the law in this area that does not even mention the bombshell opinion in Crawford v. Washington, 541 U.S. 36 (2004) and that fails to discuss how and why Crawford does or does not bear on the subject (of which more will also be said hereafter).

On to the substantive matters raised by the parties' submissions. First, as to the existence or nonexistence of Confrontation Clause considerations, the government's Mem. 5-6 says this:

> No separate Sixth Amendment confrontation issues are posed at a joint trial by the use of a non-testifying defendant co-conspirator's statements which are offered for their truth against another defendant. This is because "the requirements for admission under Rule 801(d)(2)(E) are identical to the requirements of the Confrontation Clause." Bourjaily, 483 U.S. at 182. Thus, there are no "constitutional problems" once Rule 801(d)(2)(E)'s requirements have been met. Id.

But such a facile dispatch of the issue is oversimplistic--more thought is called for.

It must be remembered that throughout the Bourjaily discussion of the Confrontation Clause (483 U.S. at 181-89) Chief

---

[1] This does not of course mean to exclude the memorandum's reference to and discussion of the seminal decision in Bourjaily v. United States, 483 U.S. 171 (1987)--but something more will be said a bit later about any uncritical acceptance of Bourjaily.

2

Justice Rehnquist (writing for the Court majority) invoked Ohio

v. Roberts, 448 U.S. 56 (1980) to support its treatment of the

admissibility of co-conspirators' statements. Thus the Court

said (Bourjaily, id. at 182-83):

> Because "'hearsay rules and the Confrontation Clause
> are generally designed to protect similar values,'
> California v. Green, 399 U.S. [149, 155 (1970)], and
> 'stem from the same roots,' Dutton v. Evans, 400 U.S.
> 74, 86 (1970)," id., at 66, we concluded in Roberts
> that no independent inquiry into reliability is
> required when the evidence "falls within a firmly
> rooted hearsay exception." Ibid. We think that the
> co-conspirator exception to the hearsay rule[2] is firmly
> enough rooted in our jurisprudence that, under this
> Court's holding in Roberts, a court need not
> independently inquire into the reliability of such
> statements.

On that score last year the Supreme Court surprised the legal

community by overruling Ohio v. Roberts and its "reliability"

approach in the Crawford decision.

It is early in the day to reach definitive conclusions as to

the impact of the unexpected Crawford decision. Indeed, the

Supreme Court itself has agreed to hear two cases this Term that

should cast light on the concept of "testimonial statements."

But at least for the present this Court is constrained to follow

---

[2]   [Footnote by this Court]   It is typical of the loose
language often employed by courts in dealing with co-conspirator
statements to speak of them as "the co-conspirator exception to
the hearsay rule," even though Rule 801(d)(2)(E) has chosen a
different approach that characterizes such statements as
nonhearsay. Thus the language just quoted in the text is less
precise than the opening sentence in Bourjaily, id. at 173, which
directly quoted the Rule and its "not hearsay" characterization.

the lead of our Court of Appeals, as expressed in this brief statement in <u>United States v. Jenkins</u>, 419 F.3d 614, 618 (7th Cir. 2005):

> As to the Confrontation Clause argument, <u>Crawford</u> does not apply. The recordings featured the statements of co-conspirators. These statements, by definition, are not hearsay. <u>Crawford</u> did not change the rules as to the admissibility of co-conspirator statements.

In summary, no generic attack by defendants on the admissibility of co-conspirator statements will be entertained by this Court. At the same time, the risk of an erroneous conviction stemming from such broad brush treatment counsels caution when it comes to admitting statements that might be viewed as being located at the margin. As with all <u>Santiago</u> proffers, then, the statements offered by the government will have to be evaluated on an individualized basis as they arise during the trial.

There is more. Although the government's proffer (if it delivers as advertised) has certainly demonstrated the existence of a drug conspiracy, Bailey has voiced a threshold challenge to his asserted involvement as coming under the buyer-seller rubric rather than placing him as a participant in the conspiracy. At a minimum that would appear to call for a jury instruction covering that alternative, but in this instance the assertion is sufficiently serious to call for a swift government response (as

far in advance of the imminent trial as possible).[3] This Court
looks forward to receiving that response promptly, so that
appropriate ground rules may be established for the litigants.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 14, 2005

---

[3] It is a bit difficult to tell from the Gilmer response
whether he is taking the same position. Only one brief paragraph
in his Response to **Santiago** Proffer section suggests that, with
the vast bulk of that section being devoted to a discussion of
Crawford and its asserted implications.