IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
          Plaintiff, )
)
v. )   No. 05 CR 8
)
JAMAR BAILEY and ANTHONY GILMER )
a/k/a "Marco" and "T," et al., )
)
          Defendants. )

MEMORANDUM OPINION AND ORDER

Jamar Bailey ("Bailey") and Anthony Gilmer ("Gilmer," also known as "Marco" and "T"), two of the five defendants in this case charging a drug conspiracy, have opted for trial. Each of the other three defendants has pleaded guilty under a separate plea agreement that expressly contemplates his testifying at trial: Each of those agreements is entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C), with a government motion based on the defendant's cooperation being required to trigger the agreed-upon reduced sentence. Importantly included among the motions in limine to be resolved before trial (which is scheduled to begin November 28 or 29) is the Government's Submission Regarding Post-Arrest Statements of Defendants.

That submission poses a classic <u>Bruton</u> problem (<u>Bruton v. United States</u>, 391 U.S. 123 (1968)). One significant part of the government's case against Bailey is Gilmer's post-arrest oral statement to federal law enforcement personnel, while a significant part of the government's case against Gilmer stems

from a post-arrest handwritten statement by Bailey. Each statement--Gilmer's as reported in a DEA Form 6 "Report of Investigation" and Bailey's handwritten statement--is chock-full of references that incriminate the other codefendant who is going to trial.

What the government seeks to do is (1) to attempt the bowdlerization of Gilmer's oral statement by substituting "an individual," "that person" and "the guy" for Bailey's name wherever it appears in the report of that statement and (2) to black out Gilmer's name or nickname wherever it appears in Bailey's handwritten statement. But to believe that such tinkering will really provide insulation against the constitutional defect identified in Bruton is ostrich-like in the extreme. In that respect part of the opinion in United States v. Hoover, 246 F.3d 1054, 1059 (7th Cir. 2001), if appropriate changes of the names and of the euphemistic substitutes for those names were made to fit the situation here, might well have been written for this case:

> Only a person unfit to be a juror could have failed to appreciate that the "incarcerated leader" and "unincarcerated leader" were Hoover and Shell; we doubt that the majority in Richardson [v. Marsh, 481 U.S. 200 (1987)] would have countenanced so transparent a device.[1]

---

[1] [Footnote by this Court] That of course speaks to the equally transparent substitutions in the Bailey statement. But the rest of Judge Easterbrook's opinion for the panel (id. at 1058-59), which would lengthen this opinion unduly if it were to

2

Hoover properly applied the limitations that were well set out in Gray v. Maryland, 523 U.S. 185 (1998), conforming (as that case did) to the principles that were seminally announced in Bruton and further explained in Richardson. Gray, id. at 189-97 explained in detail why the scenario presented in Richardson did not, while the situation before the Court in Gray did, bring the Bruton protective rule into play. What the government seeks to do here fits well within the type of prohibited effort exemplified by Gray and Hoover.

Accordingly this Court holds that each of the government's proposed devices violates the constitutional rights of one or the other of the defendants. Neither statement will be admitted at trial.

Milton I. Shadur
Senior United States District Judge

Date: November 14, 2005

---

be quoted at full length, effectively torpedoes both of the government's proposed devices, including the redactions from Gilmer's written statement.

3