IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 CR 8 |
| ) | |
| JAMAR BAILEY and ANTHONY GILMER ) | |
| a/k/a "Marco" and "T," et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

In this action, set for a bench trial to begin on December 19, codefendant Jamar Bailey ("Bailey") has responded to the government's <u>Santiago</u> proffer by urging that conspiracy jurisprudence is inapplicable because his involvement in the drug sale at issue was solely part of a buyer-seller relationship. That contention does not of course implicate the propriety of a jury instruction to that effect, as would also be at issue were this not a bench trial, but it clearly affects the admissibility of evidence against Bailey under Fed. R. Evid. 801(d)(2)(E).

In response the United States has pointed in principal part to the decision in <u>United States v. Peyton</u>, 328 F.3d 910 (7th Cir. 2003). Although extraordinarily short by today's standards, Judge Rovner's opinion for the panel there is chock-full of citations to support this among other principles (<u>id</u>. at 912, emphasis in original):

> But when the buyer or the seller is assisted by a third
> person, <u>that</u> collaboration is punishable as a
> conspiracy. The "buyer-seller" argument is irrelevant

in such cases because the conspirators are on the same side of the sale.

Under the circumstances of this case as asserted in the Santiago proffer, that alone suffices to call for the rejection of Bailey's position, even though the government's response does go on to identify other reasons that would call for the same conclusion. In sum, Rule 801(d)(2)(E) applies here, and this Court will predicate its in-trial evidentiary rulings on that premise.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 22, 2005