IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
           Plaintiff,               )
                                    )
     v.                             )    No.  05 CR 8
                                    )
JAMAR BAILEY and ANTHONY GILMER,    )
                                    )
           Defendants.              )

MEMORANDUM OPINION AND ORDER

Both Jamar Bailey ("Bailey") and Anthony Gilmer ("Gilmer") have filed timely post-trial motions following the bench trial in which this Court found each of them guilty on drug charges: Bailey has moved for a judgment of acquittal pursuant to Fed. R. Crim. P. ("Rule") 29, and Gilmer has filed a like motion and, in the alternative, a motion for a new trial pursuant to Rule 33. Because each defendant's counsel has again advanced essentially the same arguments that this Court has rejected (more than once) both in advance of and during the trial, both defendants' motions can be given short shrift.

Bailey's counsel correctly identifies the standard applicable to a Rule 29 motion, quoting from United States v. Pearson, 113 F.3d 758, 761 (7th Cir. 1997). But then having done so, he essays the ostrich-like contention that Bailey was just along for the ride--that the evidence showed only "the defendant's presence at the scene of a drug deal and his knowledge that a drug deal was occurring" (Motion at 3). Not so--at the trial's conclusion this Court expressly stated its

findings and conclusions that demonstrated beyond a reasonable doubt that Bailey was an active co-conspirator, so as to establish his guilt on Count One. And as Bailey's counsel correctly acknowledges (Motion at 2 n.1), <u>Pinkerton</u> liability dictates the same result on Count Two.

As for Gilmer, this Court has already ruled on several occasions and in several different ways that the disparities in the amount of heroin that developed during evolution of the conspiracy did not affect this Court's conclusion as to his guilt beyond a reasonable doubt. All of the other arguments presented in his two-phase motion are equally without merit--for example, Gilmer is not of course in a position to second-guess this Court's credibility determinations, made as they were after hearing and seeing each witness.

In summary, both defendants' motions are denied in their entirety. As to the interesting issue regarding the diminishing quantity of heroin from the inception of the government's sting operation to the time of the aborted delivery, and regarding the possible impact of that fact on the charged conspiracy, defendants are of course free to take that issue to the Court of Appeals.

                                                             _____
                                                             Milton I. Shadur
                                                             Senior United States District Judge

Date: February 7, 2006